USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/20

**LISA SCOLARI**
Attorney at Law
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
Lscolarilaw@earthlink.net

TEL. (212) 227-8899                                                                                          FAX (212) 964-2926

July 10, 2020

Hon. Gregory H. Woods
United States District Court
Southern District of New York                         **MEMORANDUM ENDORSED**
500 Pearl Street
New York, NY 10007
*via ECF*

**Re: United States v. Adamson, et al**
19 Cr 702 (GHW)

Your Honor:

    I write on behalf of the defendants, Hasahn Murray, by David Bertan, Esq., and my client Jamal Adamson to request that the Court adjourn both the motion and trial schedule due to the covid-19 pandemic. As the Court is aware, the trial of this case is scheduled for September 14, 2020, with a final pretrial conference set for August 31, 2020, and motions in limine, requests to charge, proposed verdict forms, and proposed voir dire questions due on July 24, 2020.

    There are several reasons for this request. First, it seems highly unlikely that there will be any possibility of proceeding to trial as it is currently scheduled. The July 6, 2020 notice from Chief Judge McMahon, posted on the Court's website states:

> All jury calls, with the exception of current grand jury panels, have been suspended. Due to the lead time needed to call jurors, no jury trial, either civil or criminal, can be held until further notice.

    There is no indication as to when trials will be resuming.

    The government intends to file a superseding indictment charging the defendants with a Racketeering Conspiracy within the next two weeks. Since the teleconference with the Court, the government has produced additional discovery related to the anticipated superseder. However, the defendants, both of whom are incarcerated, have been severely hampered in their ability to review the material due to the conditions in MCC and MDC. In an effort to curtail the spread of the virus in the jail, inmates have been confined to their cells for twenty or more hours a day. They are unable to access computers needed to review some of the new discovery.

  Jail visits  visits have been curtailed since March 13, 2020. No incarcerated individuals are being transported  to court or meetings. Thus none of the parties have not been able to meet in person with incarcerated witnesses  or defendants. Defense counsel has had some limited phone contact with the defendants, but that does not come close to the time and in person contact necessary for review or discovery and trial preparation. In addition the defense has been unable to conduct any investigation in this case.

  The government, by Maurene Comey, Esq.,  has reviewed this letter and consents to the applications herein.  For all of the foregoing reasons, the parties respectfully request that the Court adjourn the trial and the related motion schedule to a date in 2021.

             Respectfully,

             *Lisa Scolari*
             Lisa Scolari

Application denied without prejudice.  The Court understands that the defendants wish for the Court to schedule an adjourned trial date sometime in the 2021 calendar year, but that they are indifferent as to when during that year.  The Court requests that the parties either confirm that understanding, or that they state with more specificity the duration of the requested adjournment.  The parties have not indicated whether they seek an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161, through the proposed new trial date, which the defendants have requested be extended by the Court to any date in calendar year 2021.  The parties are directed to submit a revised request for an adjournment, including a description of the parties' positions regarding exclusion of time through an adjourned trial date, by no later than July 17, 2020.  If either of the parties is seeking an exclusion of time, the parties are directed to comply with the portion of Rule 2(E) of the Court's Individual Rules of Practice in Criminal Cases that concerns exclusions of time.

SO ORDERED.           _____
                GREGORY H. WOODS
Dated:  July 13, 2020         United States District Judge